**FILED**
9.00 A

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT - CIVIL DIVISION
SEP 20 2024

~~LESLIE MASON~~
CIRCUIT CLERK

ROBERT MORRIS                                                    PLAINTIFF

VS.                    47B CV-2024- 370      sm

ANTHONY HUBBARD;
NASH TRANSPORT LLC; and
JOHN DOE NOS. 1-4                                              DEFENDANTS

## COMPLAINT

COMES NOW Plaintiff Robert Morris, by and through his attorneys, McDaniel Law Firm, PLC. and for his Complaint against Defendants Anthony Hubbard; Nash Transport LLC; and John Doe Nos. 1-4, states as follows:

### JURISDICTION AND VENUE

1.      That at all times pertinent hereto, Plaintiff Robert Morris was a resident of Jonesboro, Craighead County, Arkansas.

2.      That, upon information and belief, at all times pertinent hereto, Defendant Anthony Hubbard was/is a resident of St. Louis, Missouri.

3.      That at all times pertinent hereto, Defendant Nash Transport LLC, (hereinafter referred to as "Nash Transport"), is/was a foreign for-profit corporation doing business in the State of Arkansas.

4.      That Defendant Nash Transport's headquarters and principal place of business is located in St. Louis, Missouri.

McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

1

**EXHIBIT 1**

5.      That Stephen Smith, 1206 Garrison Avenue, Fort Smith, Arkansas 72901, is the designated agent for service of process for Defendant Nash Transport in the State of Arkansas.  49 C.F.R. 366. *et seq.*; Form BOC-3.

6.      That in addition and/or in the alternative to the above, Defendant John Doe Nos. 1-2, is the official name of any person or entity with which Defendant Nash Transport and/or Defendant Anthony Hubbard may be associated (including other principal(s), employer(s), or successor(s)-in-interest.)  Further, Defendant John Doe Nos. 3-4 represents any shipper, broker, supplier, and/or, as applicable, recipient(s) of the loads being hauled by Mr. Anthony Hubbard at the time of the subject occurrence.

7.      That upon determining the identity of any current unknown tortfeasor, person or entity, Plaintiff will amend the Complaint by substituting the real name for the pseudo-name.

8.      That pursuant to A.C.A. §16-56-125, Plaintiff has attached the Affidavit of Plaintiff's Attorneys affirming the identity of a tortfeasor(s) is unknown, as **"Exhibit A."**

9.      That this Court has subject matter jurisdiction over this cause.

10.     That this Court has personal jurisdiction over the parties hereto.

11.     That this Court is the proper venue for this action as the subject wreck occurred just outside of Blytheville, Arkansas in Mississippi County.

## FACTS

12.     That at the time of the occurrence referred to herein, Mr. Anthony Hubbard (hereinafter "Defendant Hubbard") was driving a tractor-trailer owned, leased, maintained, and/or operated by or on behalf of Defendant Nash Transport.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

2

13. That at the time of the occurrence, Defendant Hubbard was the agent, servant and/or employee of Defendant Nash Transport.

14. That the tractor trailer involved in this collision was operated under U.S. Department of Transportation ("DOT") #1543307.

15. That DOT #1543307 is a permit to engage in interstate commercial transport by Defendant Nash Transport.

16. That on the date of the subject occurrence, May 13, 2024, Defendant Hubbard, had a Commercial Driver's License ("CDL").

17. That at all times pertinent hereto, Defendant Hubbard was a commercial motor vehicle driver subject to the regulations of the United States Department of Transportation and/or the State of Arkansas.

18. That at all times pertinent hereto including, but not limited to, May 13, 2024, Defendant Hubbard was in the course and scope of his employment and/or agency relationship with Defendant Nash Transport.

19. That on May 13, 2024, at the time of the subject collision, the weather was clear and the highway was dry.

20. That on May 13, 2024, preceding the subject collision, Plaintiff Robert Morris was traveling southbound on Interstate 55 in Mississippi County, Arkansas.

21. That the Morris vehicle was a Nissan Altima.

22. That at the same time, Defendant Hubbard was driving his tractor-trailer southbound on Interstate 55 in the left (fast) lane of travel.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

3

23.    That preceding the wreck, the Morris vehicle was in the right (slow) lane of travel being passed by the tractor-trailer operated by Defendant Hubbard, which was in the left (fast) lane of travel.

24.    That as Defendant Hubbard was passing, overtaking, or otherwise traveling next to the Morris vehicle, he inexplicably moved his tractor-trailer truck over into the right lane of travel occupied by the Morris vehicle.

25.    That despite the presence and right of way of the Morris vehicle, Defendant Hubbard's tractor-trailer side-swiped and collided with Plaintiff Morris' vehicle.

26.    That the encroaching tractor-trailer engaged with and dragged the Morris vehicle for several hundred feet before the Morris vehicle became dislodged and lost control.

27.    That after being struck by, engaged with, and dislodged from Defendant Hubbard's tractor-trailer, Plaintiff Morris' vehicle exited the right side of the highway, went down the embankment, and came to rest in a set of trees facing the opposite direction.

28.    That the damage to the Morris vehicle was significant and a total loss.

29.    That in light of the circumstances of the wreck, Defendants' failure to produce necessary and related information, and upon information and belief, Defendant Hubbard was actively texting, reading, or posting from his handheld device; was unreasonably and improperly fatigued; and/or was otherwise substantially distracted from the task of safely and properly operating a commercial motor vehicle at the time of the subject collision and the moments immediately preceding it.

McDANIEL
LAW FIRM, PLC
400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

4

30.    That Plaintiff Robert Morris suffered serious and permanent injuries as a result of the collision.

31.    That the subject collision and all damages related thereto occurred as a proximate result of the negligent conduct of Defendant Hubbard (which is imputed to Defendant Nash Transport) in particulars including, but not limited to, the following:

    a.    That Defendant Hubbard failed to yield the right of way;

    b.    That Defendant Hubbard negligently attempted to change lanes when it was unsafe to do so;

    c.    That Defendant Hubbard failed to maintain a proper lookout under the circumstances then and there existing;

    d.    That Defendant Hubbard failed to maintain proper control of his vehicle for the circumstances then and there existing;

    e.    That Defendant Hubbard operated his tractor-trailer while he was distracted;

    f.    That Defendant Hubbard operated his tractor-trailer while he was unreasonably and improperly fatigued;

    g.    That Defendant Hubbard failed to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and/or by DOT regulations; and.

    h.    That Defendant Hubbard failed to use ordinary care under the circumstances then and there existing.

32.    That Defendant Nash Transport was negligent in particulars including, but not limited to, the following:

    a.    Negligence in the hiring, training, and supervision of Defendant Hubbard;

    b.    Negligence in failing to have policies and procedures in place to ensure reasonable and proper training of drivers such as and

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

5

including Defendant Hubbard, in matters including but not limited to lane changing, speed and space management, distracted driving, and hours of service;

c.     Negligence in failing to have policies and procedures in place to ensure managers and supervisors take reasonable action in responding to and addressing unsafe driving habits by drivers including, but not limited to, Defendant Hubbard, about which they knew or should have known;

d.     Negligent failure to comply with all rules, regulations, and duties required by the laws of the State of Arkansas and by DOT regulations; and,

e.     Otherwise failing to exercise ordinary care under the circumstances.

33.     That Plaintiff Robert Morris was not guilty of any comparative fault.

34.     That no other person, firm, company, corporation, or entity of any type, other than those identified herein, was guilty of any negligence which was a proximate and contributing cause of the subject collision and/or Plaintiff's damages.

35.     That the conduct of Defendant Hubbard is imputed to Defendant Nash Transport (and/or John Doe Nos. 1-4) under the doctrine of respondeat superior, vicarious liability, and/or by federal regulations in that he was the driver for Defendant Nash Transport (and/or John Doe Nos. 1-4) and in the course and scope of his employment or agency relationship.

36.     That as a proximate result of the negligence of Defendant Hubble, which is imputed to Defendant Nash Transport, and the negligence of Defendant Nash Transport (and/or John Doe Nos. 1-4), Plaintiff Robert Morris sustained injuries and/or aggravations of pre-existing conditions to areas of his body including, but not limited to, his head, neck, back, and legs, which required him to incur expenses for medical care and treatment in

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

the past and in the future; he has suffered lost earnings and earnings capacity in the past and will continue to suffer lost earnings and/or earnings capacity in the future; he has endured pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the past and will endure pain, suffering, discomfort, mental anguish, and loss of enjoyment of life in the future; his injuries are permanent in nature; and for all of which he should have judgment from and against Defendants Hubbard, Nash Transport (and/or John Doe Nos. 1-4), jointly and/or severally, in an amount to be set by the jury in an amount in excess of the minimum required for federal court diversity jurisdiction ($75,000).

37.    That Plaintiff has previously requested and demanded that Defendants preserve, maintain, and produce all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, specifically including, but not limited to, any personal electronic device (i.e., cellular/smart phone or iPad) in possession of Defendant Hubbard at the time of the wreck; phone and text records for the day of the subject collision; log books or electronic logs for at least two weeks before the crash; any dash camera and in-cab camera footage involving this incident or any other incident (or event notification) involving Defendant Hubbard; and any ECM download reflecting the wreck.

38.    That to date, no such information has been produced and there has been no confirmation that evidence including, but not limited to, any electronic data which is, was, or may have been available through any personal electronic device (i.e., cellular/smart phone or iPad) has been secured, preserved, or maintained as it existed at the time of the wreck or within a reasonable time following Plaintiff's request for same.

McDANIEL
LAW FIRM, PLC
400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

7

39.    That, upon information and belief, Defendants have unreasonably failed to preserve and maintain the above referenced evidence as it existed at the time of the subject incident and/or at the time they know or should have known such evidence, information, and data was pertinent to the likely claims and defenses arising from the subject collision.

40.    Plaintiff maintains his demand for prompt production of all such materials.

41.    That Plaintiff respectfully requests a trial by jury of twelve (12) persons.

42.    That Plaintiff respectfully reserves the right to amend and plead further in this cause.

WHEREFORE, Plaintiff Robert Morris prays he have and recover damages from Defendant Anthony Hubbard, and Defendant Nash Transport LLC (and John Doe Nos. 1-4) in an amount to be set by the jury in excess of the minimum required for federal court diversity jurisdiction, for his costs, and for all other relief to which he may be entitled.

RESPECTFULLY SUBMITTED this _18_ day of September, 2024.

McDANIEL LAW FIRM, PLC
Attorneys at Law
400 South Main Street
Jonesboro, Arkansas 72401
(870) 336-4747
Brett@mcdaniellawyers.com

Brett A. McDaniel
Arkansas Bar No. 2009008

Joshua Adkerson
Joshua@mcdaniellawyers.com
Arkansas Bar No. 2015154
*Attorneys for Plaintiff Robert Morris*

McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

8

**FILED**

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT - CIVIL DIVISION          'SEP 20 2024

LESLIE MASON
CIRCUIT CLERK

ROBERT MORRIS                                         PLAINTIFF

VS.                          Case No.: 47BCV-24-370  Sm

ANTHONY HUBBARD;
NASH TRANSPORT LLC; and                          DEFENDANTS
JOHN DOE NOS. 1-4

---

### AFFIDAVIT

I, Brett McDaniel, attorney for Robert Morris, pursuant to Ark. Code Ann § 16-56-125, state that the correct name and identity of the tortfeasor person(s), corporation(s) and entity(ies) are unknown. All due diligent efforts have been made to properly identify the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies). If the name and identity of the unknown tortfeasor person(s), corporation(s) and entity(ies) is not one of the specifically named defendants as contained in this complaint, the use of the pseudo-name John and/or Jane Doe as the defendant is appropriate for the purpose of tolling the statute of limitations for these plaintiffs against these unknown defendants. Furthermore, if there is more than one (1) such unknown tortfeasor, the use of John and/or Jane Doe 1, John and/or Jane Doe 2, John and/or Jane Doe 3, etc. is also appropriate as set out in the complaint.

McDANIEL
LAW FIRM, PLC

400 South Main
Jonesboro, AR 72401
(870) 336-4747
Fax (870) 932-0919

9



EXHIBIT

A

DATED this _18_ day of September. 2024.

Brett McDaniel
Arkansas Bar No. 2009008

State of Arkansas

County of Craighead

Subscribed and sworn to before me on this 18th day of September, 2024.

Amanda Porbeck
Notary Public

_7/11/33_
My Commission Expires



McDANIEL
LAW FIRM, PLC

400 SOUTH MAIN
JONESBORO, AR 72401
(870) 336-4747
FAX (870) 932-0919

10